IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DEBRA BREWSTER,** § | |
| § | |
| **Plaintiff,** § | |
| § | **CIVIL ACTION NO. 6:16-cv-00170** |
| v. § | |
| § | |
| **CUSTOM DATA SYSTEMS, INC.,** § | |
| **WARDLAW CLAIMS SERVICE LLC,** § | |
| **WILLIAM F. WARDLAW,** § | **JURY DEMANDED** |
| **MICHAEL N. WARDLAW &** § | |
| **JEFFERY A. KEAHEY,** § | |
| § | |
| **Defendants.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

COMES NOW, Debra Brewster, Plaintiff, and hereby complains of Defendants Custom Data Systems, Inc., Wardlaw Claims Service LLC, William F. Wardlaw, Michael N. Wardlaw and Jeffery A. Keahey (collectively, "Defendants") for violations of the Fair Labor Standards Act of 1938, and in support of her claims, Brewster would respectfully show as follows:

**I. PARTIES**

1. Plaintiff Debra Brewster is an individual residing in McLennan County, Texas.

2. Custom Data Systems, Inc. ("Custom Data") is a Texas-registered for-profit corporation. For purposes of state and federal tax records, Custom Data was Brewster's employer of record for the period of time over which this complaint is concerned. Custom Data may be served with summons by serving its Texas registered agent: William F. Wardlaw, 2725 Texas Central Parkway, Waco, Texas 76710.

3. Wardlaw Claims Service LLC ("WCS") is a Texas-registered limited liability company. As Custom Data did not generate its own revenue, Custom Data's financial accounts for

purposes of payroll were funded by WCS. The entity was previously registered as "Wardlaw Claims Service, L.L.P." On December 19, 2014, Wardlaw Claims Service, L.L.P. filed a Certificate of Conversion with the Texas Secretary of State, converting the entity into WCS (attached as Exhibit 1). WCS may be served with summons through its Texas registered agent: William F. Wardlaw, 2725 Texas Central Pkwy., Waco, Texas 76712.

4. Defendant William F. Wardlaw ("W. Wardlaw") is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant as to Plaintiff as a registered Director of Custom Data and WCS. The last three digits of his Texas driver's license are 247. W. Wardlaw may be served with summons at 2725 Texas Central Pkwy., Waco, Texas 76712.

5. Defendant Michael N. Wardlaw ("M. Wardlaw") is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant as to Plaintiff as a registered Director of WCS. The last three digits of his Texas driver's license are 727. M. Wardlaw may be served with summons at 2725 Texas Central Pkwy., Waco, Texas 76712.

6. Defendant Jeffery A. Keahey ("Keahey") is an individual who at all times relevant to this matter acted as an "employer" as to Brewster under the Fair Labor Standards Act. The last three digits of his Texas driver's license are 936. Keahey may be served with summons at 401 Mount Lookout Road, Waco, Texas 76708.

## II. JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), the Court has jurisdiction over this claim. The Court has personal jurisdiction over the parties and subject matter jurisdiction over the claim.

8.  Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper as Custom Data and WCS are headquartered in this division and district, and all of the individual defendants are residents of the state of Texas.

9.  At all times subject to this suit, Custom Data and WCS were covered enterprises under the Fair Labor Standards Act.

10. At all times subject to this suit, Brewster was a covered individual under the Fair Labor Standards Act.

11. At all times subject to this suit, all defendants acted in the capacity as "employers" as to Brewster for purposes of the Fair Labor Standards Act.

### III. STATEMENT OF FACTS

12. Brewster worked for Defendants from around May 2008 through May 2016 as an administrative assistant. Although she was given the title of "administrative supervisor," she supervised no one.

13. Custom Data was an entity that was used by WCS to pay the Wardlaw operation's employees that were being treated as W2 employees rather than 1099 independent contractors.[1] Custom Data did not independently generate any revenue. Instead, WCS would dump money into Custom Data to meet Custom Data's payroll obligations.

14. WCS provides catastrophic and other insurance adjusting services to insurance companies throughout the United States.

15. Brewster's job duties included answering the phone, entering information on claims into the company's database, writing and responding to emails regarding claims and updating carrier information in the company's records. From 2009 through the end of her employment, she had

---

[1] Wardlaw Claims Service and its associated entities have been sued numerous times in recent years for misclassifying employees as independent contractors rather than employees. Brewster was initially treated as an independent contractor but was converted to a W2 employee in around 2009. That is why her technical employer for tax purposes is Custom Data.

the company's 1-800 number sent directly to her at all times, on a 24/7 basis – even after regular business hours via cellphone. Although Brewster appears to have been paid on a salary basis, she is not exempt from the overtime provisions of the Fair Labor Standards Act due to the nature of her actual job duties that she performed for Defendants.

16. During her employment with Custom Data that occurred within the three-year period prior to the filing of this complaint, Brewster worked one or more workweeks in excess of 40 hours.

17. Brewster was entitled to an overtime compensation premium for all hours worked over 40 in a workweek. Defendants failed to pay Brewster the overtime pay that she was due.

18. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

19. As a result of Defendants' violations of the FLSA, Brewster is entitled to actual and compensatory damages, including the amount of overtime that was not paid but should have been paid.

20. Defendants failed to act reasonably in their failure to comply with the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Brewster is also entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay.

21. Defendants' violations of the FLSA were willful as to the federal rights of Brewster. Defendants either knew about or showed reckless disregard as to whether the manner in which they paid Brewster was prohibited by the FLSA.

22. Brewster is also entitled to a reasonable attorney's fee, expert witness fees, costs and pre- and post-judgment interest at the highest rates allowed by law.

## IV.  JURY DEMAND

23. A jury is hereby demanded.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Brewster respectfully requests that the Court find the following against Defendants Custom Data Systems, Inc., Wardlaw Claims Service LLC, William F. Wardlaw, Michael N. Wardlaw and Jeffery A. Keahey, jointly and severally:

a. declaring that Defendants violated the Fair Labor Standards Act;

b. declaring that Defendants' violations of the FLSA were willful;

c. granting judgment to Brewster for her claims of unpaid overtime wages under the Fair Labor Standards Act, as well as liquidated damages in an amount equal to the amount of the unpaid overtime wages;

d. awarding Brewster her costs, expert witness fees and a reasonable attorney's fee;

e. awarding Brewster pre- and post-judgment interest at the highest rates allowed by law; and

f. granting such further relief as the Court finds just.

Respectfully submitted,

*Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

COUNSEL FOR PLAINTIFF